UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHANTIEL COX

                Plaintiff,

      -against-

CARILLON NURSING & REHABILITATION
CENTER

                Defendant.
-------------------------------------------------------------------X
CHANTIEL COX,

                Plaintiff,

      -against-

ACS CARE SERVICES, LLC

                Defendant.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**

15-CV-6136 (JMA) (ARL)

16-CV-319 (JMA) (GRB)

**AZRACK, United States District Judge:**

      On October 26, 2015, under Docket Number 15-CV-6136, plaintiff Chantiel Cox ("plaintiff") commenced an action against defendant Carillon Nursing & Rehabilitation Center ("Carillon"), asserting a discrimination claim for violation of the Americans with Disabilities Act ("ADA"), a claim for violation of the Family Medical Leave Act ("FMLA"), and a claim for violation of the New York State Human Rights Law ("NYSHRL"). On January 21, 2016, under Docket Number 16-CV-319, plaintiff commenced a second action against defendant ACS Care Services, LLC ("ACS"). In her second action, plaintiff also alleged claims for violations of the ADA, FMLA, and NYSHRL. These claims arise from the same facts as her first action. Specifically, the alleged discrimination and retaliation occurred when (1) plaintiff was employed by ACS, a temporary staffing agency that places personnel to work in healthcare facilities, (2)

ACS had assigned plaintiff to Carillon's facility as a licensed practical nurse, and (3) both defendants terminated plaintiff from employment.

## I.     DISCUSSION

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  A district court has "broad discretion to determine whether consolidation is appropriate," Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), and may consolidate related cases *sua sponte*.  Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).  Before consolidating cases, the court considers:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285.

Here, both actions have yet to begin discovery and both actions involve the same claims, which arise out of common facts.  Consolidation will result in little, if any, prejudice or confusion as both defendants appear in the factual allegations of each complaint, and the defendants were allegedly in a contractual relationship.  Furthermore, the parties' resources and judicial resources will be preserved if these actions proceed as a single case, thereby avoiding an investigation of the same conduct in two separate suits.  Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, the two actions are consolidated for all purposes.  The actions will proceed under Docket Number 15-CV-6136, and all papers filed in these actions shall henceforth bear only this docket

number. The caption of this consolidated action will be amended in accordance with this Order, and the action under Docket Number 16-CV-319 will be administratively closed.

## II.    CONCLUSION

It is hereby ORDERED that:

For all purposes, Docket Number 15-CV-6136 and Docket Number 16-CV-319 are deemed consolidated under Docket Number 15-CV-6136. All papers from any party must be filed under Docket Number 15-CV-6136; and

It is further ORDERED that the Clerk of Court shall:

(1) Administratively close the action under Docket Number 16-CV-319;

(2) Amend the caption of these consolidated actions under Docket Number 15-CV-6136 as "<u>Cox v. Carillon Nursing & Rehabilitation Center and ACS Care Services, LLC</u>;" and

(3) Shall serve a copy of this Order on all parties.

**SO ORDERED.**

Dated: March 18, 2016  
Central Islip, New York

              /s/    JMA  
              JOAN M. AZRACK  
              UNITED STATES DISTRICT JUDGE